UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Gerard Beloin

    v.                           Civil No. 11-cv-326-JL

Richard Gerry, Warden,
New Hampshire State Prison

**O R D E R**

Gerard Beloin has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254 (doc. no. 1) and petitioner's "Motion for Permissive Joinder," (doc. no. 3). The matter is before the court for preliminary review to determine whether the petition is facially sufficient to proceed. See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Rules"); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing magistrate judge to conduct preliminary review of pro se filings by prisoners).

I.    Motion for Permissive Joinder (doc. no. 3)

Petitioner has filed a motion seeking "permissive joinder" (doc. no. 3). Construing this motion as a motion to amend the initial habeas petition (doc. no. 1), the court understands this motion to request the following relief:

- Petitioner seeks to substitute the New Hampshire State Prison for the Hillsborough County Department of Corrections as the respondent in this matter.
- Petitioner seeks to clarify claims asserted in his initial petition (doc. no. 1).
- Petitioner seeks to add a state law constitutional claim to the petition.

The motion (doc. no. 3), as construed, is GRANTED, for reasons explained herein and in the Report and Recommendation issued this date.

I.   Respondent

At the time his petition was initially filed, Beloin named the Hillsborough County Department of Corrections, where he was then incarcerated, as the respondent.  Beloin is now incarcerated at the New Hampshire State Prison for Men. The proper respondent to a federal habeas petition is the petitioner's custodian; the appropriately named custodian is the warden of the facility in which petitioner is detained.  See Vasquez v. Reno, 233 F.3d 688, 691 (1st Cir. 2000) (proper custodian in habeas action is the warden of the facility where petitioner is being held); see also 28 U.S.C. § 2243 (writ of

habeas corpus granted by a federal court "shall be directed to the person having custody of the person detained").

Accordingly, the appropriate respondent to this action is Richard Gerry, the warden of the New Hampshire State Prison. In an Order issued simultaneously with this Report and Recommendation, the Clerk is directed to correct the docket accordingly.

## II.  Exhaustion of Federal Habeas Claims

As fully explained in the Report and Recommendation issued simultaneously with this Order, the court finds that Beloin has asserted three federal habeas claims pursuant to § 2254, which are denominated as Claims 1-3 in the Report and Recommendation. Beloin has failed to demonstrate, however, that those claims have been exhausted in the state courts, as required by § 2254(b), to allow this action to proceed at this time. Accordingly, to avoid a recommendation that his § 2254 petition be dismissed for failure to demonstrate exhaustion, Beloin shall exhaust those claims and may request a stay of this action for that purpose, in the following manner:

    1.   Beloin must initiate state court proceedings to exhaust the federal claims for habeas relief in his petition

within thirty days of the date of this Order, and must notify this court that he has done so within ten days of that filing.

2. Beloin may, within thirty days of the date of this Order, file a motion in this court requesting that this action be stayed pending exhaustion of his federal habeas claims in the state courts.

3. While Beloin's claims are pending in the state courts, he must file a status report in this court every ninety days, describing the status of his state court litigation.

4. Once Beloin has fully exhausted his claims in the state courts, Beloin must, within thirty days of the date of a final New Hampshire Supreme Court order on his claims, file in this court: (A) a motion to lift the stay in this matter; and (B) an amended petition showing that his federal habeas claims have been fully exhausted in the state courts.  To make this showing, petitioner must file, with his amended § 2254 petition, any pertinent notice of appeal, brief, or other pleadings or motions filed in the New Hampshire Supreme Court, and any filings made in, as well as any orders by, any state court, which demonstrate exhaustion of his federal claims.

Beloin's failure to comply with this Order will result in a recommendation that this action be dismissed without prejudice

for failing to demonstrate exhaustion.  See 28 U.S.C. § 2254(b)(1)(A); § 2254 Rule 4.

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date: November 10, 2011

cc:   Gerard Beloin, pro se

LBM:jba