```
             UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF NEW HAMPSHIRE
```

Gerard Beloin

    v.                                        Civil No. 11-cv-326-JL

Richard Gerry, Warden,
New Hampshire State Prison[1]


### REPORT AND RECOMMENDATION


    Gerard Beloin has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254 (doc. no. 1).[2]  The matter is before the court for preliminary review to determine whether the petition is facially sufficient to proceed.  See Rule 4 of

---

[1] Beloin initially named the Hillsborough County Department of Corrections, where he was detained at the time he originally filed this action, as the respondent to this action.  Beloin is now incarcerated at the New Hampshire State Prison.  In a motion for permissive joinder (doc. no. 3), Beloin seeks to substitute the New Hampshire State Prison as the respondent in this matter.  As explained in an order issued this date, the court has granted Beloin's motion (doc. no. 3) and directed the Clerk to correct the docket in this matter to reflect that Richard Gerry, the warden of the New Hampshire State Prison, is the respondent to this action.

[2] Beloin has attached a transcript of a state court hearing to his petition as Exhibit A.  Pursuant to Fed. R. Civ. P. 10(c), "a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."  Accordingly, the transcript will be considered to be part of the habeas petition for all purposes.  Further, because, in an Order issued this date, the court grants the Motion for Permissive Joinder (doc. no. 3), construed as a motion to amend the petition, the court will consider the motion as an amendment to the petition and it will be considered to be part of the petition for all purposes.

the Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Rules"); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing magistrate judge to conduct preliminary review of pro se filings by prisoners).

Also before the court is Beloin's "Ex Parte Motion for Estoppel in the Case of the Bishop John B. McCormack and the Diocese of Manchester v. Gerard Beloin – Case # 09-E-0215" (doc. no. 4). In that motion, Beloin seeks an order from this court enjoining proceedings in a case pending before the state superior court. The motion has been referred to the Magistrate Judge for a recommendation as to its disposition.

## Standard of Review

Pursuant to LR 4.3(d)(2) and § 2254 Rule 4, when an incarcerated petitioner commences a habeas action, the magistrate judge conducts a preliminary review of the petition. In conducting a preliminary review, the magistrate judge construes pro se pleadings liberally, however inartfully pleaded, to avoid inappropriately stringent rules and unnecessary dismissals. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pleadings liberally in favor of pro se party); Castro v. United States, 540 U.S. 375, 381 (2003). This

review insures that pro se pleadings are given fair and meaningful consideration.

In undertaking the preliminary review, the court applies a standard analogous to that used in reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6). The court decides whether the complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face and cognizable in a petition for federal habeas relief. See Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991) (habeas petition was properly dismissed on the merits sua sponte, where petitioner's arguments were readily resolved without resort to transcript, and district court had access to pertinent documents filed with petition including parties' state court briefs and state court decision); see also Ashcroft v. Iqbal, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949 (2009) (standard of review applicable in determining if complaint states viable claims).

After conducting a preliminary review of a habeas petition, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief," the court must dismiss the petition. See § 2254 Rule 4. Where, after commencing preliminary review, the court finds that the petition is not plainly sufficient to entitle petitioner to a court order directing that the petition be answered, the court

may at that time direct plaintiff to amend his petition prior to completing the preliminary review. See § 2254 Rules 4 (requiring judge conducting review to order respondent to answer facially sufficient petitions); LR 4.3(d)(2)(B) (authorizing magistrate judge conducting initial review of pro se prisoner filings to grant party leave to amend).

## Background

In 2005, Gerard Beloin was charged criminally with making audio recordings of people without their knowledge or consent. Beloin states that he made the relevant recordings to document that politicians and their agents were making threats on Beloin's life due to Beloin's engagement in certain political activities. In June 2006, the prosecutor in Beloin's criminal case failed to appear at a scheduled court proceeding. Beloin's defense counsel made an oral motion to dismiss with prejudice, which was granted.

Beloin asserts that the court records pertaining to his criminal case were later "altered and falsified," to reflect that the dismissal of his criminal charges was without prejudice. As a result, Beloin claims that the state improperly reinstated the dismissed charges against him.

It appears that Beloin was convicted of at least one of the reinstated offenses, which he characterizes as a nonviolent

misdemeanor.  Beloin's habeas petition does not make clear the precise contours of Beloin's sentence on that charge, but it does appear that Beloin's sentence included a period of probation supervision, as well as a term of incarceration. Beloin is presently serving his sentence in the New Hampshire State Prison ("NHSP").

The court infers, based on the facts alleged in the petition, that a condition of Beloin's probation prohibited him from possessing a firearm.  Beloin states that, while he was on probation, due to the threats that had been made against his life, he "rearmed" himself.  At some point, Beloin was charged with violating his probation for possessing a firearm.  It appears that the only prohibition on Beloin's possession of a firearm was the probation condition, as he states his underlying conviction was for a nonviolent misdemeanor offense, and that at the time he was charged with the violation, he had never been convicted of a "qualifying felony."[3]

---

[3]In New Hampshire, it is a felony for any person who has been convicted of certain enumerated felony drug crimes or felonies against the person or property of another to

> [o]wn[] or ha[ve] in his possession or under his control, a pistol, revolver, or other firearm, or slungshot [sic], metallic knuckles, billies, stiletto, switchblade knife, sword cane, pistol cane, blackjack, dagger, dirk-knife, or other deadly weapon. . . .

N.H. Rev. Stat. Ann. 159:3, I.

## The Claims[4]

Beloin alleges the following claims:

1.   Beloin's conviction and sentence violated Beloin's right against double jeopardy, in violation of the Fifth and Fourteenth Amendments, as he was convicted of refiled charges that had been previously dismissed with prejudice.

2.   Beloin's conviction and sentence, imposed for a violation of the terms of his probation, were unconstitutional because the relevant probation condition was an unconstitutional restriction on his Second Amendment right to bear arms.

3.   Beloin's custody is unconstitutional in that it arises out of a criminal conviction for violating a statute that, as applied to Beloin, violated his First Amendment right to record public officials.

4.   Beloin's conviction and sentence violate his right under the New Hampshire Constitution not to be twice placed in jeopardy for the same offense.

5.   Beloin's First Amendment rights, including the right to be politically active and the right to run for public office,

---

[4]The claims, as identified here, will be considered to be the claims raised in the petition for all purposes.  If Beloin disagrees with the claims as identified, he must do so either by properly objecting to this Report and Recommendation, or by properly filing a motion to amend his petition.

6

were violated by state agents who threatened to harm or kill Beloin if he did not stop his political activity.

     6.   Beloin's Second Amendment rights were violated by the state's restricting his possession of firearms necessary for Beloin's self-defense, where no offense in Beloin's criminal record dispossessed him of the right to bear arms.

In addition to these claims, Beloin complains that state agents, including one or more judges, have committed federal crimes by knowingly allowing felonies to be committed against Beloin and failing to do anything to stop the commission of the crimes or prosecute the offenders. Beloin does not assert any private right accruing to him as a result of the asserted criminal liability of unnamed state agents and judges. The court cannot ascertain any claim for relief that arises, or can be construed, from these allegations.

## Discussion

I.   <u>Claims Not Cognizable in Federal Habeas Action</u>

   A.   <u>Civil Rights Claims</u>

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under . . . 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus.

Hill v. McDonough, 547 U.S. 573, 579 (2006) (internal citations and quotation omitted).  Beloin has asserted two claims (numbered 5 and 6 above), alleging that state actors have violated his constitutional rights by: (1) threatening him with violence in order to stop his political activity; and (2) effectively "revoking" his Second Amendment right to possess a firearm.  These two claims do not present a direct challenge to the validity or duration of Beloin's confinement.  As such, they are more appropriately raised in a civil rights action under § 1983.[5]  These claims should be dismissed from this habeas action without prejudice to being filed as claims in an action brought pursuant to 42 U.S.C. § 1983.[6]

---

[5]42 U.S.C. § 1983 provides that:

> Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

[6]Beloin should note that § 1983 will not provide a remedy for a claim that, if successful, would "necessarily imply" the invalidity of his underlying conviction or sentence, unless and until the relevant conviction and/or sentence is terminated in his favor by acquittal, or by successful appeal, habeas, or other post-conviction action.  See Skinner v. Switzer, ___ U.S. ___, ___, 131 S. Ct. 1289, 1298 (2011) (citing Heck v. Humphrey, 512 U.S. 477, 487 (1994)); Statchen v. Palmer, 623 F.3d 15, 17 n.1 (1st Cir. 2010).

B. State Constitutional Claim

Beloin alleges that his conviction on charges that were refiled, after having been previously dismissed with prejudice, violates his double jeopardy right under Part I, Article 16, of the New Hampshire Constitution.

> [I]t is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts. The habeas statute unambiguously provides that a federal court may issue the writ to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

Wilson v. Corcoran, ___ U.S. ___, ___, 131 S. Ct. 13, 16 (2010) (emphasis in original) (quoting 28 U.S.C. § 2254(a)). Federal habeas relief is not available where a petitioner alleges a violation of rights that accrue to him under state law. Beloin's claim, numbered 4 above, arising out of an alleged violation of his state constitutional rights should be dismissed without prejudice to Beloin pursuing that claim in an appropriate state court action.

II. Habeas Claims

Three of Beloin's claims challenge the fact or duration of Beloin's state court sentence. Those claims allege: (1) a double jeopardy violation (numbered 1 above); (2) a violation of Beloin's right not to be charged and sentenced for violating an

9

unconstitutional probation condition (numbered 2 above); and (3) a violation of Beloin's First Amendment right not to be convicted under a statute that illegally constrains his right to record public officials executing their duties (numbered 3 above). The claims numbered 1-3 above, therefore, are appropriately presented to the court in a habeas action brought pursuant to § 2254. See Hill, 547 U.S. at 579.

    A.   Custody

To petition a federal court for habeas corpus relief from a state court judgment, the applicant must be "in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2254(a), "at the time the petition was filed." See Spencer v. Kemna, 523 U.S. 1, 7 (1998). Beloin asserts that at the time he filed this petition he was incarcerated at the NHSP pursuant to the conviction and sentence challenged here. Accordingly, Beloin has satisfied the custody requirement of § 2254(a).

    B.   Exhaustion

To be eligible for relief on his federal claims in a § 2254 petition, a petitioner must show that he has exhausted the remedies available to him in the State courts on those claims, or that State corrective processes are unavailable or

unconstitutional probation condition (numbered 2 above); and (3) a violation of Beloin's First Amendment right not to be convicted under a statute that illegally constrains his right to record public officials executing their duties (numbered 3 above). The claims numbered 1-3 above, therefore, are appropriately presented to the court in a habeas action brought pursuant to § 2254. See Hill, 547 U.S. at 579.

### A. Custody

To petition a federal court for habeas corpus relief from a state court judgment, the applicant must be "in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2254(a), "at the time the petition was filed." See Spencer v. Kemna, 523 U.S. 1, 7 (1998). Beloin asserts that at the time he filed this petition he was incarcerated at the NHSP pursuant to the conviction and sentence challenged here. Accordingly, Beloin has satisfied the custody requirement of § 2254(a).

### B. Exhaustion

To be eligible for relief on his federal claims in a § 2254 petition, a petitioner must show that he has exhausted the remedies available to him in the State courts on those claims, or that State corrective processes are unavailable or

ineffective to protect his rights. See 28 U.S.C. § 2254(b)(1). "A habeas petitioner in state custody may not advance his or her constitutional claims in a federal forum unless and until the substance of those claims has been fairly presented to the state's highest court." Barresi v. Maloney, 296 F.3d 48, 51 (1st Cir. 2002). A petitioner's remedies in New Hampshire are therefore exhausted when the New Hampshire Supreme Court ("NHSC") has had an opportunity to rule on the claims. See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988).

> In order to exhaust a claim, the petitioner must present the federal claim fairly and recognizably to the state courts, meaning that he must show that he tendered his federal claim in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question.

Clements v. Maloney, 485 F.3d 158, 162 (1st Cir. 2007) (internal citation and quotations omitted). "[A] petitioner's failure to present his federal constitutional claim to the state courts is ordinarily fatal to the prosecution of a federal habeas case." Coningford v. Rhode Island, 640 F.3d 478, 482 (1st Cir. 2011).

The purpose of a "fair presentation" requirement is to "provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim.'" Anderson v. Harless, 459 U.S. 4, 6 (1982) (citation omitted). "'The appropriate focus [in an exhaustion inquiry] centers on the *likelihood* that the

presentation in state court alerted that tribunal to the claim's federal quality and approximate contours.'" Coningford, 640 F.3d at 482 (emphasis in original) (quoting Nadworny v. Fair, 872 F.2d 1093, 1098 (1st Cir. 1989)).  A habeas petitioner may fairly present a claim by doing any of the following:  "'(1) citing a provision of the federal constitution; (2) presenting a federal constitutional claim in a manner that fairly alerts the state court to the federal nature of the claim; (3) citing federal constitutional precedents; or (4) claiming violation of a right specifically protected in the federal constitution.'" Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008) (citation omitted).

    Beloin concedes that he has not exhausted his federal habeas claims in the state courts.  Beloin states that he was unable to exhaust his claims because he was not provided access to the jail's law library or to his computer files.  Beloin has not demonstrated, however, that there were no state court processes available to him, or that those processes were ineffective.  Further, Beloin was able to file this petition in this court, and provides no reason why the claims here could not have been first presented to the state court.  Accordingly, Beloin is not excused from the exhaustion requirement set forth in § 2254(b).

Beloin's petition fails to demonstrate that his federal habeas claims have been exhausted in the state courts. Accordingly, the court will, in an Order issued simultaneously with this Report and Recommendation, provide Beloin with the opportunity to amend his petition to so demonstrate.

III. <u>Motion to Enjoin State Court Litigation (doc. no. 4)</u>

Beloin asks this court to issue an injunction "to prevent any further litigation on any charges or accusations against Gerard Beloin" in the state court action. Beloin claims that, in that action, he has been sued by Bishop John B. McCormack and the Catholic Diocese of Manchester, New Hampshire, and that litigation in that case is ongoing.

The court construes Beloin's motion to allege that the plaintiffs in the state civil action are utilizing information concerning the state court conviction Beloin is challenging here, to prejudice the court against him in the state civil action. Beloin seeks to enjoin the state court proceeding, therefore, until such time as this court, in the instant federal habeas action, rules on the legality of that conviction.

The Anti-Injunction Act ("AIA") provides that:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where

    necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283.  "[T]he [AIA]'s "core message is one of respect for state courts.  The [AIA] broadly commands that those tribunals 'shall remain free from interference by federal courts.'"  Smith v. Bayer Corp., ___ U.S. ___, ___, 131 S. Ct. 2368, 2375 (2011) (citation omitted).

There are three "specifically defined" and narrow exceptions to the AIA.  See Atl. Coast Line R.R. Co. v. Bhd. Of Locomotive Eng'rs, 398 U.S. 281, 286-87 (1970); 28 U.S.C. § 2283.  Those exceptions allow federal courts to enjoin state court proceedings where: (1) Congress has expressly authorized such an injunction by statute; (2) an injunction is necessary in aid of the court's jurisdiction; and (3) an injunction is necessary to protect or effectuate the court's judgment.  See Chick Kam Choo v. Exxon Corp., 486 U.S. 140, 146 (1988).  Beloin asserts neither that Congress has expressly authorized the requested injunction, nor that an injunction is necessary to protect a judgment of this court (particularly as this court has not yet entered any judgment in this matter).  To obtain the requested injunction, therefore, Beloin's case must meet the requirements of the second exception, that an injunction is necessary in aid of this court's jurisdiction.

The AIA's second exception applies where "necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case."  Alt. Coast Line, 398 U.S. at 295.  Nothing in Beloin's motion indicates that this court's jurisdiction in the pending federal habeas petition will be adversely impacted by allowing the state court civil action to proceed.  Accordingly, Beloin's motion for an injunction (doc. no. 4), should be denied.

## Conclusion

For the foregoing reasons, the court recommends that Beloin's claim alleging a violation of his state constitutional rights (claim numbered 4 above) be dismissed without prejudice to being filed in an appropriate state court action, and his claims asserting First and Second Amendment violations that are challenging neither the fact nor duration of his confinement (numbered 5 and 6 above), be dismissed without prejudice to being raised in an appropriate action filed pursuant to 42 U.S.C. § 1983.[7]  The court further recommends that Beloin's

---

[7] In an Order issued this date, the court directs Beloin to amend his petition to demonstrate exhaustion of his federal habeas claims (numbered 1-3 above).

motion (doc. no. 4), seeking to enjoin civil state court proceedings, be denied.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010); United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008).

_____
Landya B. McCafferty
United States Magistrate Judge

Date: November 10, 2011

cc: Gerard Beloin, pro se

LBM:jba