UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Gerard Beloin

   v.                                                     Civil No. 11-cv-326-JL

Hillsborough County Department
of Corrections, et al.

**O R D E R**

    Gerard Beloin filed a petition for a writ of habeas corpus (doc. no. 1).  On November 10, 2011, the court issued a report and recommendation (doc. no. 6) recommending that three of the six claims in the habeas petition be dismissed, and finding that Beloin had failed to demonstrate exhaustion of the three claims remaining in the petition, and noting that Beloin had, in fact, conceded in the petition that he had not exhausted his claims. Also on November 10, 2011, the court issued an order (doc. no. 5) directing Beloin to: (1) move to stay his petition in this court within thirty days of the date of the order; (2) file a state court action to exhaust his claims within thirty days of the date of the order; (3) provide the court with status updates concerning his exhaustion efforts every ninety days while his state court action was pending; and, after all state court

proceedings and appeals have ended, (4) file an amended petition in this court demonstrating that his claims have been exhausted.

On November 7, 2011, Beloin filed a motion (doc. no. 4) requesting that this court enjoin the prosecution of a civil action against Beloin in the state court until his federal habeas petition was decided. In the November 10, 2011, report and recommendation, the court recommended that the motion be denied.

1. <u>Objection to the Report and Recommendation (doc. no. 8)</u>

Beloin filed a timely objection (doc. no. 8) to the report and recommendation. For the most part, the assertions in Beloin's objection to the magistrate judge's report and recommendation address the substance of his habeas claims and are thus properly before the district judge for consideration. Beloin has not objected to the magistrate judge's recommendation that his motion for an injunction (doc. no. 6) be denied.

In his objection (doc. no. 8), Beloin makes one reference to exhaustion of the claims, as follows: "All state court actions in the case of State v Beloin 09-S-0850 have been exhausted. The Writ of Habeas Corpus was filed under that case and that case only. No further delay is warranted. That relief is what is requested." Beloin attached no documents to his

objection to demonstrate that the claims in his petition have been exhausted.

To the extent Beloin seeks to amend his petition to demonstrate exhaustion, his assertion that the claims have been exhausted, coupled with his previous statements indicating that the claims have not been exhausted, does not suffice to demonstrate that the petition is exhausted and should proceed. As directed below, if Beloin has exhausted his federal habeas claims in the state courts, he must provide documentation of such exhaustion. If petitioner has not actually exhausted his federal habeas claims in the state courts, however, he must do so if he intends to pursue his petition in this court.

2.   Motion to Extend Time (doc. no. 10)

Beloin has also filed a document (doc. no. 10) that has been docketed as an addendum to Beloin's objection to the report and recommendation. The court has reviewed the document and finds that it is more appropriately characterized as a motion to extend time to file an addendum to his objection. Beloin claims that his previously filed objection "lacked some crucial arguments and points of law" and that the law library at the prison was unavailable to him to use to prepare the addendum from December 21, 2011, until January 5, 2012.

## Conclusion

The Clerk's Office is directed to redocket Beloin's filing currently docketed as an addendum to his objection (doc. no. 10), as a motion to extend time to file an addendum to his objection (doc. no. 8). The motion (doc. no. 10), so construed, is granted.

Beloin is further directed, as follows:

1. Within 14 days of the date of this Order, Beloin must file his addendum to his objection to the November 10, 2011, Report and Recommendation (doc. no. 6).

2. If Beloin has not exhausted his state court remedies on all of the claims asserted in his § 2254 petition, he must: (a) file a motion in this court within 14 days of the date of this order, requesting that this action be stayed pending exhaustion, and listing those claims that he intends to exhaust in the state courts; and (b) initiate an action to exhaust his claims in the state court within 14 days of the date of this order.

3. If Beloin has previously exhausted his state court remedies on all of the claims asserted in his § 2254 petition, Beloin must file in this court, within 30 days of the date of

this order, those documents filed in or issued by the state courts, including all relevant state court briefs, motions, notices of appeal, and supreme court or superior court orders, which demonstrate complete exhaustion of state court remedies.

4. Petitioner's failure to comply with this order will result in this court's recommendation that the petition be dismissed for failing to demonstrate exhaustion.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

January 11, 2012

cc: Gerard Beloin, pro se

LBM:jba