# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

Gerard M. Beloin

    v.                                    Civil No. 11-cv-326-JL

Richard Gerry, Warden,
New Hampshire State Prison

## REPORT AND RECOMMENDATION

Before the court is petitioner's addendum (doc. no. 19) to his petition for writ of habeas corpus (doc. no. 1).  The addendum is filed in response to this court's orders (doc. nos. 5 and 11) directing petitioner to amend his petition to demonstrate that he has met the statutory exhaustion requirement for filing a habeas petition pursuant to 28 U.S.C. § 2254.

## Background

Beloin has been twice ordered to amend his complaint to demonstrate exhaustion.  Further, Beloin has been given the opportunity to request a stay of this habeas action should he wish to return to the state courts to complete exhaustion, but has not availed himself of this opportunity.  Rather, Beloin maintains that he has exhausted his state court remedies, and/or that state court remedies are neither effective in his case, nor available to him.

**Discussion**

I.   Exhaustion

The court fully explained the exhaustion requirement in a report and recommendation issued November 10, 2011 (doc. no. 6). The discussion therein setting forth the applicable legal standards need not be reiterated here.

Beloin seeks to prove that he has exhausted his state court remedies by: (1) litigating a lawsuit against former Superior Court Chief Judge Robert Lynn concerning Judge Lynn allegedly "making up court rules that revoked [Beloin]'s 2nd Amendment rights in case #09-S-00850"; and (2) appealing criminal convictions in State v. Beloin (N.H. Super. Ct., Hillsborough Cnty., S. Dist., No. 09-S-0851-0853), related to the probation violation challenged here.

A.   Lawsuit Against Judge Lynn

As to Beloin's lawsuit against Judge Lynn, this court finds that Beloin has failed to demonstrate exhaustion with respect to his claims for federal habeas relief.

> A claim for habeas corpus relief has been exhausted
> where the claim has been fairly presented to the state
> courts.  Fair presentation means that the petitioner
> must show that he tendered his federal claim in such a
> way as to make it probable that a reasonable jurist
> would have been alerted to the existence of the
> federal question.

Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008) (internal quotation marks and citations omitted).  Beloin has not demonstrated how his civil case against Judge Lynn challenging the judge's rulemaking provided the state courts with an opportunity to pass on the validity of the probation violation conviction at issue in this case.  Therefore, Beloin's reference to the lawsuit against Judge Lynn fails to demonstrate that he has exhausted his state court remedies as to any claims asserted in his petition for federal habeas relief.

    B.   Criminal Appeal

    Beloin seeks to demonstrate that he has exhausted his state court remedies by filing a copy of a notice of appeal in the NHSC of convictions on criminal charges related to his probation violation.  See Notice of Appeal, State v. Beloin, No. 2011-0695 (N.H. Sup. Ct. Dec. 5, 2011) (appealing criminal convictions on charges in State v. Beloin, N.H. Super. Ct., S. Dist., 09-S-0851-0853).  The conviction challenged in the federal habeas petition – a guilty finding on a probation violation in State v. Beloin, No. 09-S-0850, Hills. Cnty. Super. Ct., S. Dist. (probation violation conviction and sentence entered May 13, 2011) --  was not included in that appeal.  Beloin has previously conceded that he did not appeal his probation

violation in the state courts.  The petition fails to demonstrate that Beloin has presented his federal claims for habeas relief, in the first instance, to the NHSC, and thus fails to demonstrate exhaustion of those claims.  See Coningford v. Rhode Island, 640 F.3d 478, 482 (1st Cir.), cert. denied, 132 S. Ct. 426 (2011). ("[A] petitioner's failure to present his federal constitutional claim to the state courts is ordinarily fatal to the prosecution of a federal habeas case.").

II.  Absence of Available or Effective State Court Remedies

Section 2254 permits a federal habeas petitioner to demonstrate, in lieu of exhaustion, that no state court corrective processes are available or that circumstances render state court process ineffective to protect his or her rights. 28 U.S.C. § 2254(b)(1)(B).  Beloin asserts that state court remedies are unavailable to him, or are ineffective in his case, because he has been given the "run around" in the state courts for seven years.  Beloin implies that his ability to obtain relief in the state courts has been impeded by individuals with political power who are hostile to Beloin and who have intentionally interfered with Beloin's access to such relief in an unspecified manner.  These allegations are stated in a conclusory manner, are unsupported by specific factual assertions, and are thus insufficient to demonstrate that any

4

state court remedy is ineffective or unavailable to Beloin to exhaust the claims here.[1]  Cf. Ashcroft v. Iqbal, 556 U.S. 662, 686 (2009) (courts reviewing complaints pursuant to Fed. R. Civ. P. 12(b)(6) are not required to credit conclusory statements unsupported by factual allegations); Grajales v. P.R. Ports Auth., 682 F.3d 40, 45 (1st Cir. 2012) (conclusory legal allegations need not be credited).  Accordingly, Beloin's petition should not be excused from the exhaustion requirement on the basis that state court processes are unavailable or ineffective.

## Conclusion

Beloin has failed to assert facts to demonstrate exhaustion of the claims in this action in the state courts, or any reason he should be excused from fulfilling the exhaustion requirement. Accordingly, the court recommends that the petition in this matter (doc. no. 1) be dismissed without prejudice.

Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the

---

[1]Even if supported, Beloin's assertions concerning interference with his ability to appeal his conviction is belied by the fact that he filed an appeal in the NHSC on related charges in December 2011, and by his statement indicating that he specifically opted not to include the probation violation in that appeal.

specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____

Landya McCafferty
United States Magistrate Judge

August 27, 2012

cc:  Gerard M. Beloin, pro se

LBM:jba